UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. _____

| | |
|---|---|
| JEFFERSON GRIFFIN,<br><br>    Petitioner,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS,<br><br>    Respondent. | **NOTICE OF REMOVAL OF CIVIL ACTION No. 320P24 FROM SUPREME COURT OF NORTH CAROLINA** |

TO: The United States District Court for the Eastern District of North Carolina

PLEASE TAKE NOTICE THAT Defendant removes Civil Action No. 320P24 from the Supreme Court of North Carolina to this Honorable Court, pursuant to 28 U.S.C. §§ 1331, 1441(a), 1443(2), and 1367(a). In support of this notice, Defendant states the following:

1. On December 18, 2024, Petitioner Judge Jefferson Griffin filed an original action, styled as a petition for writ of prohibition, in the North Carolina Supreme Court. He served the petition on Defendant that same day.

2. The petition seeks declaratory rulings interpreting the Help America Vote Act (HAVA), Pub. L. No. 107-252, 116 Stat. 1666 (2002) *codified at* 52 U.S.C. § 20901, *et seq*; the National Voter Registration Act (NVRA), Pub. L. No. 103-31, 107 Stat. 77 (1993) *codified at* 52 U.S.C. § 20501, *et seq.*; the Voting Rights Act (VRA), Pub. L. No.

1

89-110, 79 Stat. 437 (1965) *codified in relevant part at* 52 U.S.C. § 10307; the Civil Rights Act (CRA), Pub. L. No. 85-315, 71 Stat. 634 (1957) *codified in relevant part at* 52 U.S.C. § 10101, the Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA), Pub. L. No. 99-410, 100 Stat. 924 (1986), *codified in relevant part at* 52 U.S.C. § 20302 and the Fourteenth Amendment to the United States Constitution. Pet. 70-71 (asking the North Carolina Supreme Court to issue an "order" that "hold[s]" that "[a]ll arguments under the NVRA, HAVA, the VRA, and the Civil Rights Act against the relief requested by Judge Griffin are rejected" and "all arguments under the state or federal constitution . . . are rejected"); *see also id.* at 46-47, 54-61.

3. Because the petition is a civil action bringing claims arising under the laws of the United States, this Court has original jurisdiction over such claims. 28 U.S.C. § 1331. Removal is therefore proper. *Id.* § 1441(a).

4. The petition further alleges that Defendant has refused to take certain actions. To the extent Defendant has indeed refused to take certain actions, its refusal was based on its obligation to comply with 52 U.S.C. § 10101(a)(2), 52 U.S.C. § 10307(a), 52 U.S.C. § 20507(c)(2)(A), and the Fourteenth Amendment of the United States Constitution.

5. Because Judge Griffin has brought a civil action seeking relief for Defendant's refusal to do an "act on the ground that [the act] would be inconsistent" with 52 U.S.C. § 10101(a)(2), 52 U.S.C. § 10307(a), and 52 U.S.C. § 20507(c)(2)(A), removal is proper. 28 U.S.C. § 1443(2).

2

6. Because Judge Griffin served his petition on Defendant on December 18, 2024, this removal notice is timely. 28 U.S.C. § 1446(b).

7. Judge Griffin's petition incorrectly states that Defendant will issue a certificate of election to his opponent thereby mooting this case unless a court grants him a stay by Monday, December 23, 2024. Pet. 10. Under state law, Defendant cannot issue a certificate of election until thirteen days[1] after Defendant serves on both candidates a decision resolving *all* pending protests in a contest. *See* N.C. Gen. Stat. § 163-182.14(b). Judge Griffin has numerous protests that remain pending before Defendant. Defendant will hear the remaining protests on Friday, December 20, 2024, and if that hearing resolves those protests, the earliest Defendant could issue a written decision would be that same day.[2] Thus, the earliest Defendant could issue a certificate of election in this contest, if the resolution of the remaining protests is a dismissal of those protests, is Friday, January 3, 2025, assuming a stay is not obtained by or before January 2, 2025. As a practical matter, however, Defendant will likely not be able to issue its written decision

---

[1] "An aggrieved party has the right to appeal [the State Board's] final decision to the Superior Court of Wake County within 10 days of the date of service." N.C. Gen. Stat. § 163-182.14. But when the State Board serves the parties by mail, as it did here, the parties receive an additional three days. *Id.* (citing N.C. R. Civ. P. 6(e)). Thus, even if the State Board had resolved all of Judge Griffin's protest on December 13, which it did not, no certificate of election would issue until December 27, 2024. (December 26, 2024 is a state holiday, *see* Holidays, N.C. Office of State Human Resources (last visited Dec. 18, 2024), https://oshr.nc.gov/state-employee-resources/benefits/leave/holidays#2024-2618).

[2] *See* Notice of Meeting, N.C. State Bd. of Elections (Dec. 18, 2024), https://www.ncsbe.gov/news/press-releases/2024/12/18/state-board-meeting-december-20-2024 (noticing a meeting to consider "protests of Jefferson Griffin" that were "initially considered by county boards of elections").

3

that same day and it is reasonable to expect that the written decision will be issued, at the earliest, the following Monday, December 23, 2024. Therefore, the party aggrieved by a dismissal decision would have until Monday, January 6, 2025, to obtain a stay. If no stay is obtained, the certification of election would issue on Tuesday, January 7, 2025. Finally, if the protests are resolved in a manner other than dismissal following the December 20, 2024, hearing (*e.g.*, remand back to county boards of elections for further action on the protests), then no certificate of election would be issued while the protest proceedings remain pending.

8. Pursuant to Local Rule 5.3(a)(1), copies of all process and pleadings in Defendant's possession are attached to this petition as separate distinctly titled exhibits. Defendant is also filing in the North Carolina Supreme Court notice of removal, as required by 28 U.S.C. § 1446(d), and has requested a complete copy of the state court file to be filed in this Court. A copy of that notice is included below.

Wherefore, Defendant removes to this Court Civil Action No. 320P24 from the Supreme Court of North Carolina to the United States District Court for the Eastern District of North Carolina.

4

Case 5:24-cv-00724-M    Document 1    Filed 12/19/24    Page 4 of 6

Respectfully submitted, this 19th day of December 2024.

/s/ Mary Carla Babb
Mary Carla Babb
Special Deputy Attorney General
N.C. State Bar No. 25731
MCBabb@ncdoj.gov

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
TSteed@ncdoj.gov

North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Phone: 919-716-6900
Fax: 919-716-6758

*Counsel for Defendant*

# **CERIFICATE OF SERVICE**

I certify that the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the below listed attorneys for Petitioner, if registered, and I have served the document upon opposing counsel by mailing via the US Mail, first class, postage prepaid, addressed as follows:

>Craig D. Schauer
>Troy D. Shelton
>Dowling PLLC
>3801 Lake Boone Trail
>Suite 2600
>Raleigh, NC 27607
>(919) 529-3351
>cschauer@dowlingfirm.com
>tshelton@dowlingfirm.com
>
>Philip R. Thomas
>N.C. State Bar No. 53751
>pthomas@chalmersadams.com
>Chalmers, Adams, Backer & Kaufman, PLLC
>204 N Person Street
>Raleigh, North Carolina 27601
>(919) 670-5185
>
>*Counsel for Petitioner*

This the 19th day of December, 2024.

>/s/ Mary Carla Babb
>Mary Carla Babb
>Special Deputy Attorney General