FILED
DATE: October 21, 2024
TIME: 4:27:51 PM
WAKE COUNTY
CLERK OF SUPERIOR COURT
BY: S. Jones

NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
WAKE COUNTY     FILE NO. 24CV031557-910

| | |
|---|---|
| TILIA KIVETT; WANDA NELSON FOWLER; THE REPUBLICAN NATIONAL COMMITTEE; and THE NORTH CAROLINA REPUBLICAN PARTY,<br><br>*Plaintiffs*<br><br>vs.<br><br>NORTH CAROLNA STATE BOARD OF ELECTIONS; KAREN BRINSON BELL in her official capacity as Executive Director of the North Carolina State Board of Elections; ALAN HIRSCH in his official capacity as Chair of the North Carolina State Board of Elections; JEFF CARMON in his official capacity Secretary of the North Carolina State Board of Elections; STACY EGGERS IV, KEVIN N. LEWIS, and SIOBHAN O'DUFFY MILLEN in their official capacities as members of the North Carolina State Board of Elections,<br><br>And<br><br>DEMOCRATIC NATIONAL COMMITTEE<br><br>*Defendants* | ORDER<br><br>DENYING PLAINTIFFS' MOTION<br><br>FOR TEMPORARY RESTRAINING ORDER<br><br>AND DENYING, IN THE ALTERNATIVE,<br><br>AN EXPEDITED PRELIMARY INJUNCTION |

THIS MATTER came before the undersigned during this October 21, 2024, regular session of Wake County Superior Court upon plaintiff's motion for a temporary restraining order or in the alternative an emergency preliminary injunction; and all parties appeared through counsel and had received notice of this hearing and were prepared to go forward with the

- 1 -

hearing; and the court having jurisdiction over both the subject matter and the parties; and the court having heard from counsel for the Plaintiffs and Defendants on the record in open court; and the court having carefully considered the allegations and contentions of the Plaintiffs and having reviewed the entire record, including the verified complaint; the court makes the following findings and conclusions:

1. Plaintiffs announced that they are proceeding only on the first claim for relief.

2. Plaintiffs contend North Carolina General Statute 163-258.2(1)(e) is being misinterpreted by the State Board of Elections so as permit the registration of non-residents to vote in violation of the United States Constitution and the North Carolina Constitution. The provision on which Plaintiffs focus is part of the Uniform Military and Overseas Voters Act, that defines a "covered voter" as follows:

> e . An overseas voter who was born outside the United States, is not described in sub-subdivision c. or d. of this subdivision, and, except for a State residency requirement, otherwise satisfies this State's voter eligibility requirements, if:
> 1. The last place where a parent or legal guardian of the voter was, or under this Article would have been, eligible to vote before leaving the United States is within this State; and
> 2. The voter has not previously registered to vote in any other state.

3. That statue has been on the books at least since 2011 as a bill adopted with bi-partisan support under Speaker of the House Thom Tillis and President *pro tem* of the Senate Walter Dalton; and has not been challenged until the filing of this complaint and motion. Both the Plaintiffs and the Defendants have been involved in elections under the existing statute since its passage without complaint.

4. Plaintiffs have presented no substantial evidence of any instance where the harm that plaintiffs seek to prevent has ever "fraudulently" occurred. Plaintiffs have contended on the record in this hearing that subsection 163-258.2(1)(e) is facially constitutional. Although
- 2 -

Plaintiffs have failed to present evidence of any actual occurrence, the court does infer that there may be persons who fall within the very narrow statutory exemption who may have registered and may have voted; but there is absolutely no evidence that any person has ever fraudulently claimed that exemption and actually voted in any North Carolina election. Plaintiffs concede and the court finds that Plaintiffs have not presented any evidence of even a single specific instance of any registrant unlawfully availing themselves of the statutory provision.

5. All of the factual evidence presented to this court shows that Defendants have not and will not knowingly allow a non-resident who does not fall within the statutory exception to register or vote in our state elections.

6. Plaintiffs implicitly seek to have this court determine that they are likely to succeed in nullifying or modifying the implementation of a provision of the Uniform Military and Overseas Voters Act of the North Carolina General Statutes that allows adult children of North Carolina residents born outside of the United States who have not resided within the state to register to vote in this state under very narrow circumstances. The plaintiffs have failed to persuade this court that they are more likely than not to succeed on that claim.

7. Plaintiffs have failed to show any likelihood of irreparable harm.

8. Should the speculative possibility of a person fraudulently claiming a privilege of voting under subsection (e) actually occur, the Plaintiffs have other adequate remedies at law to address and rectify any instance in which Plaintiffs can show that they may have been adversely affected in any election.

9. Plaintiffs have failed to show that the issuance of a preliminary injunction is necessary to maintain a *status quo* during this litigation since the effect of the relief sought by way of a

- 3 -

Case 5:24-cv-00724-M-RN    Document 40-1    Filed 01/01/25    Page 3 of 4

mandatory injunction would in fact change the *status quo* which has been in place since at least 2011.

10. This court has weighed the hypothetical possibility of harm to plaintiffs against the rights of the defendants and finds that on balance the equitable discretion of this court should not be invoked to treat an entire group of citizens differently based upon unsupported and speculative allegations for which there is not even a scintilla of substantive evidence.

11. Plaintiffs have failed to show to the satisfaction of this court that an injunction is necessary to protect Plaintiff's rights during this litigation.

THIS COURT CONCLUDES:

1. Plaintiffs have failed to show that they will suffer irreparable harm if a temporary restraining order or emergency preliminary injunction is not issued.

2. Plaintiffs have failed to make a threshold showing that they are likely to succeed on the merits of their claim.

3. There is no showing that this court should exercise its discretion, and Plaintiffs are not entitled to the relief sought as a matter of law.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Plaintffs' motion for a temporary restraining order or, in the alternative, an emergency preliminary injunction should be and hereby is DENIED.

SO ORDERED this the 21st day of October, 2024.

_____
John W. Smith
Superior Court Judge Presiding