# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
## No. 5:24-cv-724-M

| | |
|---|---|
| JEFFERSON GRIFFIN, <br><br> Petitioner, <br><br> v. <br><br> NORTH CAROLINA STATE BOARD OF ELECTIONS, <br><br> Respondent, <br><br> and <br><br> ALLISON RIGGS, NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS, VOTEVETS ACTION FUND, TANYA WEBSTER-DURHAM, SARAH SMITH, JUANITA ANDERSON, <br><br> Intervenor-Respondents. | **MOTION BY AFFECTED VOTERS AND NORTH CAROLINA LEAGUE OF WOMEN VOTERS FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN OPPOSITION TO PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION AND TO REMAND** |

## INTRODUCTION

*Amici* are numerous eligible and longtime North Carolina voters whom Jefferson Griffin seeks to disenfranchise after he narrowly lost a hard-fought election for Associate Justice on the North Carolina Supreme Court.[1] To grant Griffin's requested relief would violate their fundamental rights under both the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution. *Amici* thus respectfully request leave to file the accompanying proposed brief in opposition to Petitioner's motion for a preliminary injunction

---

[1] *Amici* are individual voters Susan Copland Arnold Rudolph, Heba Salama, Jennifer Baddour, Spring Dawson-McClure, Iryna Merideth, and Rani Dasi; as well as the League of Women Voters of North Carolina, a grassroots nonpartisan nonprofit voter organization.

and for remand. *Amici* sought consent from the parties to file this motion. Counsel for the North Carolina State Board of Elections ("NCSBE"); for Justice Allison Riggs; and for North Carolina Alliance for Retired Americans, VoteVets Action Fund, Tanya Webster-Durham, Sarah Smith, and Juanita Anderson consent; counsel for Griffin does not.

## ARGUMENT

District courts have "broad discretion" whether to grant leave to file an *amicus curiae* brief. *Reynolds v. United States Gov't*, No. 7:22-CV-00178-FL, 2023 WL 5826901, at *5 (E.D.N.C. July 21, 2023), *report and recommendation adopted*, No. 7:22-CV-178-FL, 2023 WL 5350566 (E.D.N.C. Aug. 21, 2023); *see also Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (noting that non-parties have the option to file *amicus* briefs in district court proceedings and that such *amici* "often make useful contributions to litigation"). "Courts should be receptive to potential amici who have a special interest in the case and who can provide timely and useful legal theories." Reynolds, 2023 WL 5826901 at *5.

### I. Interest of Amici

Amici are (1) registered North Carolina voters and U.S. citizens who meet the eligibility requirements for voting in the 2024 election, but who appear on Jefferson Griffin's election protest lists and (2) a membership organization dedicated to encouraging broad participation in our government, including through voter registration and advocacy for voting rights, whose members appear on Griffin's election protest lists. Each *amicus* has a "special interest" in the case, *Reynolds*, 2023 WL 5826901 at *5, because each would have their or their members' votes invalidated should Griffin prevail in his baseless election protests. *See* Exs. 1-6.

**Susan Copland Arnold Rudolph** was born and raised in Asheville, North Carolina, and is 57 years old. *See* Ex. 1. Her family has been in Western North Carolina since the early 1800s.

Rudolph's great-grandmother worked the polls every election and often took Rudolph with her. While out of state for college, she voted for the first time in 1988. She returned to North Carolina after graduation, registering to vote in the state decades ago, and has resided and voted in North Carolina at the same address for the last 12 years. Rudolph is a regular voter in North Carolina elections. This year, she voted in-person in the primary and general elections, both times using her North Carolina driver's license as her required photo ID. She learned from a voting rights advocate that her name was on a list of voters in Buncombe County subject to an election protest from Griffin based on an allegedly "incomplete" voter file. She has seen no correspondence from Griffin or anyone else alerting her to this challenge. Rudolph is not aware of Griffin or anyone else producing to NCSBE any individualized evidence that she is not properly registered to vote in Buncombe County or that she has ever failed to provide information requested of her by elections officials. To the best of her knowledge, she has complied with all applicable rules for registering and voting.

**Heba Salama** was born in Chapel Hill in 1978, lived in Chapel Hill her entire childhood, and first registered to vote in North Carolina when she turned 18 in 1996. *See* Ex. 2. She has since remained a regular North Carolina voter and has never resided out of state. She has provided sufficient information to election officials to prove her identity and eligibility to vote, including when she voted in the 2024 primary and general elections, showing her North Carolina driver's license both times. She has received no notice from Griffin about his election protest, and learned only from a contact at a voting rights organization that her name was on his protest list due to a purportedly incomplete voter file.

**Jennifer Baddour** was born and raised in North Carolina and has lived in-state almost her entire life. *See* Ex. 3. She is 50 years old. She registered to vote in 1992 and has since

regularly voted in North Carolina elections, including for the past 15 years from her current address. She voted in person in the 2024 primary and general elections and showed her North Carolina driver's license as her required photo ID. Baddour volunteered as a greeter at the polling place on UNC-Chapel Hill's campus and was overwhelmed with pride and excitement to see so many first-time voters exercise their right to vote. Weeks after the election, Baddour received notice addressed to "JENNIFER BADDOUR OR CURRENT RESIDENT" from the North Carolina Republican Party that her ballot "may be affected by one or more protests filed in relation to the 2024 General Election," *see* Ex. 3, but it contained no guidance on how to ensure her ballot was counted. She learned from voting rights advocates that Griffin is challenging her vote because he alleges her voter registration is "incomplete." To the best of her knowledge, neither Griffin nor anyone else has proffered individualized evidence to the NCSBE that she is not properly registered to vote or that she ever failed to provide information requested of her by election officials.

**Spring Dawson-McClure** was born and raised in North Carolina and attended college at UNC-Chapel Hill. *See* Ex. 4. She registered to vote for the first time in 1994 when she was 18 years old. Dawson-McClure moved out of state for graduate school and to begin her career but returned to North Carolina in 2012 and has resided at the same Orange County address ever since. She votes in almost every election and believes she has missed only one primary since moving home to Hillsborough over a decade ago. Prior to voting this year, she confirmed on the NCSBE online portal that her registration was active after hearing reports of attempts to disenfranchise voters. She voted in person in the 2024 primary and general elections and showed her North Carolina driver's license as her required photo ID. Dawson-McClure received a postcard from the North Carolina Republican Party stating that her ballot "may be affected by

one or more protests filed in relation to the 2024 General Election," but the card contained no guidance on how to ensure her ballot was counted. She learned from voting rights advocates that Griffin is challenging her ballot because he alleges her voter registration is "incomplete." To the best of her knowledge, neither Griffin nor anyone else has proffered individualized evidence to the NCSBE that she is not properly registered to vote or that she ever failed to provide information requested of her by elections officials.

**Iryna Merideth** registered to vote 11 years ago using a form provided at her naturalization ceremony in Durham. *See* Ex. 5. She was born and raised in Ukraine and chose to become a U.S. citizen, like her husband and child, in 2013. She has lived at her current address in Orange County for 10 years and voted regularly in North Carolina elections. She voted in person during the 2024 primary and general elections and showed her North Carolina driver's license to poll workers in both elections. Like Baddour and Dawson-McClure, Merideth received a postcard from the North Carolina Republican Party stating that her ballot "may be affected" by a protest, but the notice did not tell her how to protect her vote. To the best of her knowledge, neither Griffin nor anyone else has proffered individualized evidence to the NCSBE that she is not properly registered to vote or that she ever failed to provide information requested of her by elections officials.

**Rani Dasi**, a Chapel Hill resident, immediately registered to vote when she turned 18, and has voted in nearly every election over the next four decades. *See* Ex. 6. She is a three-time elected official in North Carolina, meaning that her registration status has been repeatedly verified by the NCSBE. When she voted most recently in the 2024 general election, she showed her North Carolina driver's license as her required photo ID and, worried about efforts to disenfranchise voters, confirmed with election officials that no information was missing in her

voter registration file. She was surprised to see her name and the names of others, including other elected officials who have consistently been confirmed as registered voters, on Griffin's protest list.

**The League of Women Voters of North Carolina** ("LWVNC" or "the League") is a nonpartisan, grassroots, nonprofit organization dedicated to encouraging informed and active participation in government, including through registering voters and advocating for voters' rights in North Carolina. LWVNC has 15 local League chapters and almost 2,000 members, several of whom are among those Griffin targets, including at least seven already identified members who are longtime registered and eligible voters who have, collectively, voted in dozens of North Carolina elections spanning decades. League members work to protect fair representation and the belief that each voter plays a critical role in North Carolina's democracy. *See Democracy N. Carolina v. Hirsch*, No. 1:23-CV-878, 2024 WL 1415113, at *6 (M.D.N.C. Apr. 2, 2024) (recounting membership and organizational facts).

II. **The *Amicus* Brief Contains Legal Arguments Timely and Useful to the Court's Consideration of Petitioner's Motion for a Preliminary Injunction and Remand**

The proposed *amicus* brief explains how upholding Griffin's election protests would violate voters' fundamental federal constitutional rights, which is dispositive of the merits and therefore more than "timely and useful" to the Court's consideration of Griffin's preliminary injunction motion as well as whether to remand the case to state court, *Reynolds*, 2023 WL 5826901 at *5. Griffin's effort to disenfranchise these voters is based on the unsubstantiated assertion that over 60,000 registered voters "never provided the statutorily required information to become lawful voter registrants," Ex. A - Pet. for Writ of Prohibition of the Hon. Jefferson Griffin at 7, ECF No. 1-4. On the contrary, the list of targeted voters includes longtime North Carolina residents, like *amici*, who followed the rules in place when they registered and cast their

ballots, and who have voted repeatedly—many for decades—without notice from elections officials of any deficiency in their registration. Griffin seeks to achieve this electoral coup despite having never provided the voters whose ballots he is challenging with adequate notice of his complaints or an opportunity to be heard. He seeks to invalidate these ballots only for his own race, and he only challenges ballots of voters whose names appear in the requested public records and who voted early in-person or by absentee ballot, leaving in the final tally identically situated voters who cast ballots on election day.

The brief explains the constitutional infirmities of Griffin's efforts. In particular, the Due Process Clause requires that, before a voter is deprived of a protected liberty interest like the fundamental right to vote, she must have sufficient notice and an opportunity to be heard. The Due Process Clause also protects a voter's reliance interests, meaning the government cannot allow its citizens to vote under one set of rules for decades, then cast out their ballots applying a new standard after an election has closed. And the Equal Protection Clause requires that when making determinations about the validity of its citizens' ballots, the government cannot apply one set of rules to, say, early in-person and absentee voters and a different set of rules to similarly situated voters who cast their ballots on election day.

## CONCLUSION

For the foregoing reasons, *Amici* respectfully request the Court's leave to file the attached brief.

This 1st Day of January 2025

Respectfully Submitted,

Protect Democracy Project
/s/ Jessica A. Marsden
Jessica A. Marsden
Protect Democracy Project
510 Meadowmont Village Circle, No. 328
Chapel Hill, NC 27517
jess.marsden@protectdemocracy.org
(202) 579-4582
Fax: 202-769-3176
State Bar No. 50855
*Attorney for Amicus Curiae*

Anne Harden Tindall*
Protect Democracy Project
510 Meadowmont Village Circle, No. 328
Chapel Hill, NC 27517
anne.tindall@protectdemocracy.org
(202) 579-4582
Fax: 202-769-3176
State Bar No. 31569

Hayden Johnson*
Protect Democracy Project
2020 Pennsylvania Ave. NW, Suite # 163
Washington DC 20006
hayden.johnson@protectdemocracy.org
(202) 579-4582
Fax: 202-769-3176
D.C. Bar No. 1671830

John Paredes*
Protect Democracy Project
82 Nassau Street, #601
New York, NY 10038
john.paredes@protectdemocracy.org
(202) 579-4582
Fax: 202-769-3176
N.Y. Bar No. 5225412

*Counsel for Amicus Curiae*

*Notice of Special Appearance and ECF attorney registration form pending

## CERTIFICATE OF SERVICE

On this First day of January 2025, the undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically provide notice of this filing to all attorneys of record by electronic means.

/s/ Jessica A. Marsden
Jessica A. Marsden
Protect Democracy Project
510 Meadowmont Village Circle, No. 328
Chapel Hill, NC 27517
jess.marsden@protectdemocracy.org
(202) 579-4582
Fax: 202-769-3176
State Bar No. 50855
*Attorney for Amicus Curiae*