IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-cv-724-M

| | |
|---|---|
| JEFFERSON GRIFFIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTH CAROLINA STATE BOARD OF ELECTIONS, | ) ) |
| | ) |
| Respondents, | ) |
| | ) |
| ALLISON RIGGS, NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS, VOTEVETS ACTION FUND, TANYA WEBSTER-DURHAM, SARAH SMITH, and JUANITA ANDERSON, | ) ) ) ) ) |
| | ) |
| Intervenor-Respondents. | ) |

**REPLY IN SUPPORT OF PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION**

The Board wrongfully removed this case to federal court, as explained in Judge Griffin's contemporaneously filed motion to remand. In the meantime, a preliminary injunction is warranted to maintain the status quo until the appropriate court can decide this case on the merits.

**ARGUMENT**

**I. The Board cannot satisfy its burden to show that removal jurisdiction is appropriate here.**

Where a district court "lacks subject matter jurisdiction," it must remand a removed case to state court, 28 U.S.C. § 1447(c), and the burden of establishing federal jurisdiction falls on the party seeking removal, *see Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The Board cannot satisfy its burden here.

### a. The Court should abstain and remand under *Pullman*.

Although Judge Griffin's motion raised *Pullman* abstention as a reason for remand, the Board and the other parties offer no response. Nor could they. Their arguments that "state laws bar" Judge Griffin's protests demonstrate the need for abstention: the North Carolina Supreme Court's clarification of these state-law issues could resolve this case. D.E. 40 at 14.

### b. A state appellate court's review of state agency action is not removeable.

Judge Griffin's petition in the North Carolina Supreme Court was not a "civil action" removeable under sections 1441 and 1443, it was an unremovable "supplementary proceeding." *Barrow v. Hunton*, 99 U.S. 80, 82-83 (1878). State-court proceedings reviewing state agency rulings are "merely supplementary" because they form "an integral part of the administrative enforcement scheme." *Armistead v. C & M Transp., Inc.*, 49 F.3d 43, 46 (1st Cir. 1995) (ordering remand of proceeding to enforce state agency's decision). None of the Board's authorities address these kinds of supplementary proceedings. D.E. 39 at 9-17.

Moreover, federal law does not permit removal of cases from state appellate courts. *See, e.g.*, *Shafique v. Equity Residential Real Est. Inv. Tr.*, No. 1:24-CV-00380 (UNA), 2024 WL 1989113, at *2 (D.D.C. May 1, 2024) (holding a defendant "simply cannot 'remove' an appeal from the [D.C. appellate court] to this federal court"); *Victoria Palms Resort Inc. v. City of Donna*, 234 F. App'x 179, 180 (5th Cir. 2007) (finding "no support for removal of *any* non-FIRREA cases to federal district courts while still on appeal in the state court system"). The Board's citations address different removal statutes and fact patterns. *See Harris v. U.S. Dep't of Transp. FMCSA*, 122 F.4th 418, 422 (D.C. Cir. 2024) ("liberally constru[ing]" federal-officer-removal statute); *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 970 (7th Cir. 2013) (allowing removal after "an interlocutory order" before any state-court appeal); *Resol. Tr. Corp. v. Allen*, 16 F.3d 568, 572 n.4 (4th Cir. 1994) (FIRREA removal).

### c. This case is not among the "slim category" of state-law claims removable under section 1441(a).

Judge Griffin's petition arises under state law. Removal under section 1441(a) is therefore proper only if this case is among the "slim category" of actions in which "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *W. Va. State Univ. Bd. of Governors v. Dow Chem. Co.*, 23 F.4th 288, 307 (4th Cir. 2022). Courts must be "cautious" in exercising this type of jurisdiction. *Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019).

### i. None of the federal questions the Board asserts are "necessarily raised."

Judge Griffin's petition addresses federal law only to show that the Board's asserted federal defenses are inapplicable. And the Board characterizations of these federal questions shows that it considers them defenses. D.E. 39 at 11, 13. But under the well-pleaded complaint rule, a federal court "does not have original jurisdiction" over a case presenting a state-law cause of action, just because the party asserts that "a federal defense … is not sufficient to defeat the claim." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983). The defenses Judge Griffin asserted do not provide this Court with jurisdiction. *See Anne Arundel Cnty. Md. v. BP P.L.C.*, 94 F.4th 343, 351 (4th Cir. 2024).

Moreover, none of Judge Griffin's state-law challenges turn on determinations of federal law. To "necessarily raise a federal issue, a state law claim must hinge on the determination of a federal issue." *W. Va. State Univ. Bd. of Governors.*, 23 F.4th at 307. Here, all of Judge Griffin's protests allege that the Board would violate state law by counting the contested ballots. *See* D.E. 1-4. None of those specific state-law provisions expressly incorporate federal law by reference. Instead, they establish freestanding state requirements to vote in state elections to which neither HAVA or UOCAVA (nor the NVRA, for that matter) apply. *See* 52 U.S.C. §§ 21081, 21083, 20302, 20507. This case is therefore worlds apart from the Fourth Circuit's recent opinion in *Republican National Committee v.*

*North Carolina State Board of Elections*. 120 F.4th 390, 401 (4th Cir. 2024). Hence none of the federal questions here are necessarily raised. *See W. Va. State Univ. Bd. of Governors.*, 23 F.4th at 307; *Nicholson v. City of Gary,* No. 2:18-cv-257, 2020 WL 2744286, at *6 (N.D. Ind. May 27, 2020).

### ii. Neither the applicability of the Civil Rights Act nor the Voting Rights Act is "actually disputed."

Federal issues are "actually disputed" only when "the parties disagree about the effect of federal law." *Mayor & City Council of Balt. v. BP P.L.C.*, 31 F.4th 178, 209 (4th Cir. 2022). The Board does not disagree that Judge Griffin's protests do not implicate the Civil Rights Act or the Voting Rights Act. The Board never mentioned either of those federal laws in its order. *See* D.E. 1-5 at 41-80. And it does not argue that they are actually disputed, D.E. 39 at 13, because they are not. *See Mayor & City Council of Balt.*, 31 F.4th at 209.

### iii. There is no "substantial" federal interest in this case.

The substantiality requirement is a "high bar," which the Board's conclusory argument on this point, D.E. 39 at 13-14, cannot satisfy for three reasons, *Friedler v. Stifel, Nicolaus, & Co.*, 108 F.4th 241, 247 (4th Cir. 2024). First, where a party invokes federal law "solely for the purpose of obtaining jurisdiction," *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998), or where the federal issues raised are "obviously without merit," those issues are per se insubstantial, *Hagans v. Lavine*, 415 U.S. 528, 537 (1974). Here, the Board says that Judge Griffin's protests fail under the NVRA, HAVA, and UOCAVA. These laws, however, apply only to federal elections. *See supra* Section I.c.i. But Judge Griffin only challenges the results of a state election. The Board's arguments are therefore meritless. The Board further claims that applying state law in the manner Judge Griffin has requested would mean it was applying "a newly announced rule of law," in violation of substantive

4

due process. But these laws were in force for years before the November 2024 election. This argument is also meritless. *See Am. Trucking Ass'ns, Inc. v. Smith*, 496 U.S. 167, 180, 191-93 (1990).

Second, "fact-bound and situation-specific" questions of federal law ordinarily do not satisfy the substantiality requirement. *Burrell*, 918 F.3d at 385. Here, the Board's procedural due process and substantive due process arguments are considerably fact bound. Although these issues are important to the parties in this case, they are "not substantial in the relevant sense because [they] lack[] importance more generally" to the federal system as whole. *Burrell*, 918 F.3d at 385.

Third, the North Carolina Supreme Court can be expected to "hew closely" to federal precedents regarding the federal provisions at issue here. And to the extent any of those issues are novel, they will "at some point be decided by a federal court." *Gunn v. Minton*, 568 U.S. 251, 262 (2013). For these reasons, there is no substantial federal interest in this case.

### iv. Exercising jurisdiction here would upset the "federal-state balance."

The Board denied Judge Griffin's protests based on erroneous applications of state laws and raised a slew of federal law provisions as alternative grounds to justify its decision. It then used those alternative statements to remove this case to federal court. *See generally* D.E. 1. Contrary to the Board's argument, D.E. 39 at 14, allowing that tactic in other election protest cases—which are not rare—will "attract a horde of … removal cases raising other state claims," *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315, 318-19 (2005).

### d. This case is not removable under 28 U.S.C. § 1443(2).

The Board cannot remove under section 1443(2) because it is not being sued "for refusing to … act." 28 U.S.C. § 1443(2). A "state court action" is not removable when it "is not brought against the … Defendants 'for refusing to do' anything." *Common Cause v. Lewis*, 358 F. Supp. 3d 505, 510 (E.D.N.C. 2019), *aff'd*, 956 F.3d 246 (4th Cir. 2020). "[T]he distinction between a defendant's action versus inaction" is "[c]ritical." *Suttlar v. Thurston*, No. 4:22-cv-368, 2022 WL 2713648, at *5 (E.D. Ark. July 13, 2022). "[T]he 'refusal to act' clause is unavailable where the removing party's *action*,

rather than its *inaction*, is the subject of the state-court suit." *City & Cnty. of S.F. v. Civil Serv. Comm'n of City & Cnty. of S.F.*, No. 3:02-cv-3462, 2002 WL 1677711, at *4 (N.D. Cal. July 24, 2002).

This case is about the Board's threat to take action, not any refusal to act. That is why Judge Griffin is seeking "a writ of prohibition to stop the State Board of Elections from counting unlawful ballots," not a writ of mandamus compelling the Board to take actions it has refused to take. D.E. 1-4 at 14. Judge Griffin's request for a writ of prohibition, and not a writ of mandamus, establishes that his suit against the Board is not based on any refusal to act. *See Common Cause*, 358 F. Supp. 3d at 511.

## II. Judge Griffin is entitled to a preliminary injunction.

### a. Irreparable harm, the equities, and the public interest favor an injunction.

Both the Board and Justice Riggs concede that Judge Griffin will suffer irreparable harm absent a preliminary injunction. D.E. 39 at 39; D.E. 40 at 29 n.6. On the equities and public interest, their arguments boil down to an assumption that enjoining the Board would disenfranchise voters. D.E. 39 at 19; D.E. 40 at 29; D.E. 42 at 34. Not so. The injunction will only stay certification of the election, preserving the status quo while a court determines whether those votes were lawfully cast.

### b. Judge Griffin is likely to succeed on the merits.

#### i. The Board erroneously decided to count votes cast by individuals who were not legally registered to vote.

Justice Riggs contends that Judge Griffin has failed to provide facts establishing that certain individuals were ineligible to vote. D.E. 40 at 17. In the next breath, though, she acknowledges that the Board's databases did not contain their drivers license or Social Security numbers. *Id.* at 18. North Carolina law requires voters to provide this information to be legally registered to vote. And if a voter is not legally registered, they are not eligible to vote. D.E. 32 at 11-12.

The Board mischaracterizes this claim as Judge Griffin's "HAVA protest." D.E. 39 at 25. But Judge Griffin has not sought relief under HAVA. He has repeatedly asserted that no federal statutes

apply here. *See, e.g.*, D.E. 32 at 12-13. In any event, contrary to the Board's and intervenors' arguments, *e.g.*, D.E. 39 at 25, those statutes do not apply even where the state has a unified voter registration system. That's because Judge Griffin's protests do not seek to remove *any* voters from the registration rolls, nor do they challenge *any* votes cast in a *federal* election. D.E. 32 at 13. The case intervenors cite equating vote-count corrections to de-registration for NVRA purposes involves a *federal* election. *See Majority Forward v. Ben Hill Cnty. Bd. of Elecs.*, 512 F. Supp. 3d 1354, 1368 (M.D. Ga. 2021). It is therefore inapposite.

### ii. The Board erred in counting votes by never residents.

The Board contends that the state constitution does not forbid individuals who have never resided in the state from voting in state elections. D.E. 39 at 27. In support, it cites a recent trial court decision to that effect. *Id.* But the state constitution clearly contains a bona fide residency requirement prohibiting never residents from voting, D.E. 32 at 14-15, and federal courts do not defer to state *trial* court interpretations of state constitutional law, but rather to the "state's highest court." *F.D.I.C. ex rel. Co-op Bank v. Rippy*, 799 F.3d 301, 310 (4th Cir. 2015).

Justice Riggs accuses Judge Griffin of not telling the Court what the correct reading of UMOVA is, D.E. 40 at 23, but Judge Griffin's petition clearly explained that UMOVA exempts voters only from an unconstitutional durational residency requirement, D.E. 1-4 at 49. She also erroneously argues that the state constitution's residency requirement should be defined according to domicile. D.E. 40 at 24-26. In the end, though, such an important question of state constitutional law is for the North Carolina Supreme Court, not this Court. *See Minnesota v. Nat'l Tea Co.*, 309 U.S. 551, 557 (1940).

### iii. The Board erred by counting votes by overseas voters who did not present photo identification.

The Board and intervenors next argue that the Board's regulations and UMOVA permit overseas voters to cast absentee ballots without submitting copies of their photo identification. D.E. 39 at 28-29; D.E. 40 at 26-27. But that argument ignores that the General Statutes require exactly those

7

submissions. D.E. 32 at 15-16; D.E. 1-4 at 54-57 (explaining that Article 20 of the General Statutes, which requires photo identification for absentee ballots, applies to UMOVA voters); D.E. 1-4 at 57-59. Nor may the Board impose a greater burden—photo identification—on individuals living in North Carolina than it imposes on those living abroad. D.E. 32 at 16.

### iv. Judge Griffin complied with notice requirements.

Justice Riggs argues that Judge Griffin is incorrect that the burden of service falls on the county boards of elections. D.E. 40 at 13. But state law provides that the county boards are responsible for providing voters with "a copy of the protest or a summary of its allegations." N.C. Gen. Stat. § 163-182.10(b).

The Board and intervenors alternatively argue that Judge Griffin failed to comply with procedural due process requirements. D.E. 39 at 19-21; D.E. 40 at 12; D.E. 42 at 23. As an initial matter, since a decision in favor of the Board on state law would moot this constitutional issue, the Court should abstain from deciding it. In any event, however, Judge Griffin complied with this constitutional requirement. D.E. 32 at 18; D.E. 1-4 at 64-65.

The Board and intervenors argue that the links to the protest filings forced voters to wade through spreadsheets to find their names, D.E. 39 at 21; D.E. 40 at 12, but their proposed solution (sending hard copies) would have exacerbated the problem by foreclosing electronic searches, *see, e.g.*, D.E. 39 at 20-21. The Board and intervenors also assert that some voters would not have been able to use QR codes, D.E. 39 at 20; D.E. 42 at 23, but they have no evidence this method of service was not reasonably certain to reach a *sufficient* number of voters in the affected class, such that they could safeguard the interests of all affected voters. D.E. 32 at 18.

### v. The Fourteenth Amendment does not bar Judge Griffin's claims.

Next, the Board and intervenors contend that Judge Griffin cannot succeed under the Fourteenth Amendment. Again, Judge Griffin alleges no claim under the Fourteenth Amendment; instead, he argues that it does not bar his relief here. D.E. 32 at 15-16, 19; D.E. 1-4 at 69-74. Moreover,

because a decision in favor of the Board on the state-law claims would moot the constitutional issues, abstention is warranted.

In any event, correcting the vote would not eliminate votes cast in accordance with "longstanding practices." D.E. 39 at 22; D.E. 40 at 15. Indeed, Judge Griffin's claims contend that all the challenged votes were cast in violation of state laws in place well *before* the November 2024 election. None of these state-law requirements violate the *Anderson-Burdick* line of cases. D.E. 32 at 19; D.E. 1-4 at 69-74. Further, the parties' Equal Protection Arguments are without merit. Judge Griffin did not arbitrarily challenge the ballots at issue here; he challenged the only categories of votes—provisional or absentee ballots—which are subject to retrieval and discounting as unlawful. *See, e.g.*, N.C. Gen. Stat. § 163-166.45. And in any event, the parties' reliance on *Bush v. Gore* is unavailing given that decision's "limited" precedential value. *Bush v. Gore*, 531 U.S. 98, 109 (2000).

### vi. The Civil Rights Act and Voting Rights Act do not bar Judge Griffin's claims.

Justice Riggs and the NCARA next contend that Judge Griffin cannot succeed on claims under the Civil Rights Act and the Voting Rights Act, D.E. 40 at 16; D.E. 42 at 30, but Judge Griffin brings no such claims. Instead, he argues that those laws provide no defense to his state-law claims. D.E. 1-4 at 67-69. And neither statute bars relief. Intervenors doubt the importance of a voter's driver's license or Social Security numbers, D.E. 40 at 16; D.E. 42 at 30, but these numbers verify voters are "who they claim to be," making them "material" to "the qualifications to vote." *Vote.Org v. Callanen*, 89 F.4th 459, 489 (5th Cir. 2023). Justice Riggs argues that Judge Griffin seeks to discount the ballots of eligible voters in violation of the VRA, D.E. 40 at 16, but the voters at issue were not eligible to vote for the reasons Judge Griffin has explained.

### vii. Laches does not apply.

NCARA baselessly accuses Judge Griffin of delaying this litigation through "lack of diligence," D.E. 42 at 16, but laches does not apply because Judge Griffin filed his petition mere days

9

after the order he is challenging. D.E. 1-4 at 84 (petition dated 12/18/24); D.E. 1-5 at 80 (order dated 12/13/24). NCARA asserts Judge Griffin should have filed his petition before the election, but that would have been impossible. At that time, the Board was not "counting unlawful ballots"—the action he challenges in this case, D.E. 1-4 at 14—and Judge Griffin was not injured by the Board's actions until they threatened to cost him the election. Had Judge Griffin brought such a pre-election suit, the Board undoubtedly would have argued it was premature.

\* \* \*

For the foregoing reasons, Judge Griffin is entitled to a preliminary injunction.

Dated: January 3, 2025

Craig D. Schauer
41571 (NC)
Dowling PLLC
3801 Lake Boone Trial, Suite 260
919 529-3351
cschauer@dowlingfirm.com

Troy D. Shelton
48070 (NC)
Dowling PLLC
3801 Lake Boone Trial, Suite 260
919 529-3351
tshelton@dowlingfirm.com

W. Michael Dowling
42790 (NC)
Dowling PLLC
3801 Lake Boone Trial, Suite 260
919 529-3351
mike@dowlingfirm.com

Philip R. Thomas
N.C. State Bar No. 53751
Chalmers, Adams, Backer & Kaufman, PLLC
204 N Person St.
Raleigh, NC 27601
Telephone: (919) 670-5185
pthomas@chalmersadams.com

*Local Rule 83.1(d) special appearance forthcoming

Respectfully Submitted,

*/s/ Mark M. Rothrock*
Mark Rothrock
56747 (NC)
LEHOTSKY KELLER COHN LLP
8513 Caldbeck Drive
Raleigh, NC 27615
(336) 416-3326
mark@lkcfirm.com

William T. Thompson*
24088531 (TX)
LEHOTSKY KELLER COHN LLP
408 W. 11st Street, 5th Floor
Austin, TX 78701
(512) 693-8350
will@lkcfirm.com

*Attorneys for Petitioner*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(f)(2)**

I hereby certify that this Petitioner's Reply in Support of Motion for Preliminary Injunction is in compliance with Local Rule 7.2(f)(2), as the document does not exceed 10 pages in length.

/s/ *Mark M. Rothrock*
Mark M. Rothrock

## CERTIFICATE OF SERVICE

      I hereby certify that on January 3, 2025, I electronically filed the foregoing Petitioner's Reply in Support of Motion for Preliminary Injunction with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties.

                                        /s/ *Mark M. Rothrock*
                                        Mark M. Rothrock