**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 25-1018

---

JEFFERSON GRIFFIN,

        Plaintiff - Appellee,

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS,

        Defendant - Appellant.

------------------------------

NORTH CAROLINA DEMOCRATIC PARTY; BIPARTISAN FORMER MEMBERS OF CONGRESS; NORTH CAROLINA VOTERS; LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA; HONEST ELECTIONS PROJECT,

        Amici Supporting Appellant.

RESTORING INTEGRITY AND TRUST IN ELECTIONS,

        Amicus Supporting Appellee.

---

No. 25-1019

---

JEFFERSON GRIFFIN,

        Plaintiff - Appellee,

v.

NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS; VOTEVETS ACTION FUND; TANYA WEBSTER-DURHAM; SARAH SMITH; JUANITA ANDERSON,

 Intervenors – Appellants.

------------------------------

NORTH CAROLINA DEMOCRATIC PARTY; BIPARTISAN FORMER MEMBERS OF CONGRESS; NORTH CAROLINA VOTERS; LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA; HONEST ELECTIONS PROJECT,

 Amici Supporting Appellant.

RESTORING INTEGRITY AND TRUST IN ELECTIONS,

 Amicus Supporting Appellee.

No. 25-1020

JUDGE JEFFERSON GRIFFIN,

 Plaintiff - Appellee,

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS,

 Defendant - Appellant,

ALLISON JEAN RIGGS; NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS; VOTEVETS ACTION FUND; TANYA WEBSTER-DURHAM; SARAH SMITH; JUANITA ANDERSON,

 Intervenors.

No. 25-1024

JEFFERSON GRIFFIN,

       Plaintiff - Appellee,

v.

ALLISON RIGGS,

       Intervenor - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:24-cv-00724-M-RN; 5:24-cv-00731-M-RJ)

Argued: January 27, 2025                                    Decided: February 4, 2025

Before NIEMEYER, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed in part, modified in part, and remanded with instructions by unpublished per curiam opinion.

**ARGUED:** Nicholas Scott Brod, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina; Samuel B. Hartzell, WOMBLE BOND DICKINSON (US) LLP, Raleigh, North Carolina; Christopher D. Dodge, ELIAS LAW GROUP LLP, Washington, D.C., for Appellants. William Thomas Thompson, LEHOTSKY KELLER COHN LLP, Austin, Texas, for Appellee. **ON BRIEF:** Raymond M. Bennett, WOMBLE BOND DICKINSON (US) LLP, Raleigh, North Carolina, for Appellant Allison Riggs. Ryan Y. Park, Solicitor General, James W. Doggett, Deputy Solicitor General, Sripriya Narasimhan, Deputy General Counsel, Trey A. Ellis, Solicitor General Fellow, Mary Carla Babb, Special Deputy Attorney General, Terence Steed, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellant North Carolina State Board of Elections. Narendra K. Ghosh, PATTERSON HARKAVY LLP, Chapel Hill, North Carolina; Lalitha D. Madduri, Tina Meng Morrison,

3

Julie Zuckerbrod, James J. Pinchak, ELIAS LAW GROUP LLP, Washington, D.C., for Appellants North Carolina Alliance for Retired Americans, VoteVets Action Fund, Tanya Webster-Durham, Sarah Smith, and Juanita Anderson. Mark M. Rothrock, Raleigh, North Carolina, Kyle D. Hawkins, LEHOTSKY KELLER COHN LLP, Austin, Texas, for Appellee. Shana L. Fulton, William A. Robertson, James W. Whalen, BROOKS, PIERCE, MCLENDON HUMPHREY & LEONARD, LLP, Raleigh, North Carolina; Seth P. Waxman, Daniel S. Volchok, Christopher E. Babbitt, Jane E. Kessner, Ann E. Himes, Nitisha Baronia, WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, D.C., for Amicus North Carolina Democratic Party. Norman Eisen, Tianna Mays, Jon Greenbaum, Spencer Klein, STATE DEMOCRACY DEFENDERS FUND, Washington, D.C.; William C. McKinney, HAYNSWORTH SINKLER BOYD, P.A., Raleigh, North Carolina. Jessica A. Marsden, Anne Harden Tindall, Chapel Hill, North Carolina, Hayden Johnson, PROTECT DEMOCRACY PROJECT, Washington, D.C.; Stacey Leyton, Danielle Leonard, ALTSHULER BERZON LLP, San Francisco, California, for Amici North Carolina Voters and The League of Women Voters.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These appeals involve the November 2024 general election for Seat 6 of the Supreme Court of North Carolina. The candidates in that election are Jefferson Griffin, a current judge on the North Carolina Court of Appeals, and Allison Riggs, the incumbent for Seat 6.

Griffin brought a number of challenges to the ballots cast in the election. The North Carolina State Board of Elections held a hearing on three of Griffin's challenges: (1) ballots cast by people who were not legally registered to vote because of incomplete voter registrations in violation of N.C. Gen. Stat. § 163-82.4; (2) votes cast by overseas citizens who were not North Carolina residents and did not live in the United States in violation of N.C. Gen. Stat. §§ 163-230.1, 163-231, and 163-166.16; and (3) the Board's acceptance of ballots by military and overseas citizen voters who failed to provide photo identification with their absentee ballots in violation of N.C. Gen. Stat. § 163-239. After considering these challenges, the Board dismissed Griffin's election protests on procedural grounds and on the merits. Part of the Board's denial was its determination that granting Griffin relief would violate certain federal statutes.[1]

Griffin then petitioned for a writ of prohibition in the Supreme Court of North Carolina (*"Griffin I"*). In that proceeding, he sought an order prohibiting the Board from counting the votes he challenged. Griffin also sought a stay of the Board's certification of the election results for Seat 6 pending the resolution of his election challenges. Finally, in

---

[1] The Board initially dismissed a subset of the total challenges but dismissed the remainder of the protests in a later order.

5

addition to the petition filed in the Supreme Court of North Carolina, Griffin petitioned for review of the Board's dismissal of his challenges in the Superior Court of Wake County, North Carolina ("*Griffin II*").

The Board removed both cases—*Griffin I* and *Griffin II*—to the United States District Court for the Eastern District of North Carolina under 28 U.S.C. §§ 1331, 1441(a), 1443(2) and 1367(a). In *Griffin I*, Griffin moved for a preliminary injunction prohibiting the Board from certifying the election results for Seat 6. The district court ordered the Board to respond to Griffin's motion for preliminary injunction and to show cause as to why the "matter should not be remanded to the North Carolina Supreme Court for lack of subject-matter jurisdiction." J.A. 9. The district court also ordered the parties that had intervened—Riggs as well as the North Carolina Alliance for Retired Americans, VoteVets Action Fund, Tanya Webster-Durham, Sarah Smith and Juanita Anderson—to respond to the motion for preliminary injunction. After that, Griffin moved for the district court to remand *Griffin I* back to the state supreme court, claiming first that the Board's removal of the case was not proper under §§ 1441 or 1443(2) and, alternatively, that the district court should abstain under *Railroad Commission of Texas v. Pullman Company*, 312 U.S. 496 (1941).

In considering Griffin's motion for preliminary injunction, the district court held that the Board's removal under § 1443(2), the civil rights removal statute, was proper. Nevertheless, the court decided to abstain from hearing the removed case under *Burford v. Sun Oil Company*, 319 U.S. 315 (1943). As a result, it remanded the matter to the Supreme Court of North Carolina. That same day, the district court sua sponte remanded *Griffin II*

6

back to the Superior Court of Wake County under the same reasoning as its remand of *Griffin I*.[2]

That same day, the Board appealed the district court's order remanding *Griffin I* to the Supreme Court of North Carolina. We assigned that appeal Case No. 25-1018. The next day, the intervenors appealed. We assigned the appeal of the North Carolina Alliance for Retired Americans, VoteVets Action Fund, Tanya Webster-Durham, Sarah Smith and Juanita Anderson Case No. 25-1019. We assigned Riggs' appeal Case No. 25-1024. Finally, the Board appealed the district court's order remanding *Griffin II* to the Superior Court of Wake County. We assigned that appeal Case No. 25-1020.

Meanwhile, the Supreme Court of North Carolina, having received *Griffin I* back from the district court by remand, granted Griffin's motion for a temporary stay of the certification of the election results and set an expedited briefing schedule concerning the writ of prohibition.

We consolidated Case Nos. 25-1018 (L), 25-1019 and 25-1024, all of which challenged the district court's order finding removal proper under § 1443(2) and remanding to the Supreme Court of North Carolina under *Burford* abstention. After appealing, the Board moved for a stay asking us to order the district court to retrieve the action from the Supreme Court of North Carolina. With respect to these consolidated cases removed from

---

[2] For the same reason the district court remanded another related case, *Kivett v. North Carolina State Board of Elections*, No. 5:25-cv-00003-M-BM, to the Superior Court of Wake County. The Board appealed that decision to the Fourth Circuit and that appeal remains pending, Case No. 25-1021.

7

the Supreme Court of North Carolina, we granted Riggs' motion to expedite briefing, scheduled oral argument for January 27, 2025, and deferred action on the pending motion to stay.

Days before oral argument, Griffin notified us that the Supreme Court of North Carolina had dismissed the writ of prohibition proceeding, permitting Griffin's challenges to the Board's denial of his election protests to proceed in the Superior Court of Wake County. The Supreme Court of North Carolina also ordered that the temporary stay it previously issued should apply to the Wake County Superior Court proceedings until that court ruled on Griffin's election challenges.

After we held oral argument in Case No. 25-1018 (L),[3] we granted Riggs' motion to intervene in Case No. 25-1020. We also ordered expedited briefing in that case, allowing any parties to file briefing with respect to any distinction between the two sets of appeals, No. 24-1018 (L) on the one hand and No. 25-1020 on the other.

Now, having reviewed the record and considered the positions advanced in the parties' briefs and at oral argument, we issue the following orders:

As to Case No. 24-1018 (L), the Supreme Court of North Carolina's dismissal of Griffin's petition for a writ of prohibition renders moot the appeals of the district court's order abstaining from exercising jurisdiction and remanding the case. "If an event occurs during the pendency of an appeal that makes it impossible for a court to grant effective relief to a prevailing party, then the appeal must be dismissed as moot." *Int'l Bhd. of*

---

[3] Our reference to Case No. 25-1018 (L) includes Case Nos. 25-1019 and 25-1024.

*Teamsters, Loc. Union No. 639 v. Airgas, Inc.*, 885 F.3d 230, 235 (4th Cir. 2018). Here, the Board asked us to reverse the district court and direct it to retrieve the case from the Supreme Court of North Carolina. Because the Supreme Court of North Carolina has dismissed the case the Board asks us to retrieve, we cannot grant the relief the Board requests. Accordingly, those appeals are dismissed as moot. And all remaining motions pending in those consolidated cases are denied as moot.

As to No. 25-1020, we affirm the district court in part and modify in part. We affirm the district court's order insofar as it found the Board had properly removed the case under § 1443(2). As the district court explained, the Board claimed that granting Griffin the relief he sought might violate federal civil rights law, including the Help America Vote Act, 52 U.S.C. § 20901, *et seq.*; the National Voter Registration Act, 52 U.S.C. § 20501, *et seq.*; the Voting Rights Act, codified in relevant part at 52 U.S.C. § 10307; the Civil Rights Act, codified in relevant part at 52 U.S.C. § 10101, the Uniformed and Overseas Citizens Absentee Voting Act, codified in relevant part at 52 U.S.C. § 20302; and the Fourteenth Amendment to the United States Constitution. Following *Republican National Committee v. North Carolina State Board of Elections*, 120 F.4th 390, 408 (4th Cir. 2024), we see no error in the district court's decision.

Regarding the district court's order abstaining from exercising federal jurisdiction and remanding to Wake County Superior Court, we affirm but modify.[4] While the district

---

[4] "Where a district court has remanded a lawsuit to state court based on abstention principles, the remand is considered a final order appealable under 28 U.S.C. § 1291." *Bryan v. BellSouth Commc'ns, Inc.*, 377 F.3d 424, 428 (4th Cir. 2004) (citing *Quackenbush*

9

court abstained under *Burford*, in our view, *Pullman* abstention is a more appropriate theory for abstaining from federal jurisdiction. *Pullman* abstention may be applied when "there is (1) an unclear issue of state law presented for decision (2) the resolution of which may moot or present in a different posture the federal constitutional issue such that the state law issue is potentially dispositive." *Wise v. Circosta*, 978 F.3d 93, 101 (4th Cir. 2020) (en banc) (quoting *Educ. Servs., Inc. v. Md. State Bd. for Higher Educ.*, 710 F.2d 170, 174 (4th Cir. 1983) (internal quotation marks omitted)). In other words, federal courts have discretion to refrain from resolving a case pending in federal court that involves state law claims and potential federal constitutional issues if the resolution of those unsettled questions of state law could obviate the need to address the federal issues. However, under *Pullman* abstention, the federal court retains jurisdiction of the federal constitutional claims while the state court issues are addressed in state court. *Meredith v. Talbot Cnty.*, 828 F.2d 228, 232 (4th Cir. 1987) ("The usual rule is to retain jurisdiction in *Pullman* situations, but to dismiss in *Burford* situations.").

*Pullman* abstention is not new to this case. Griffin asked the district court to abstain under *Pullman* in his motion to remand. And the district court referenced *Pullman* abstention in its order remanding *Griffin I*. And we, of course, may affirm on any ground apparent from the record and are not limited to the grounds offered by the district court to support its decision. *L.J. v. Wilbon*, 633 F.3d 297, 310 n.9 (4th Cir. 2011).

---

*v. Allstate Ins. Co.*, 517 U.S. 706, 715 (1996)). So, because the district court remanded the lawsuit to state court based on abstention principles, we have jurisdiction to consider the district court's decision to abstain under 28 U.S.C. §§ 1291 and 1447(d).

Applying the requirements of *Pullman* abstention, the state law issues involved in the case removed from the Superior Court of Wake County are unsettled. The parties advance diametrically opposed interpretations of the North Carolina statutes that are the subject of Griffin's challenges. And neither provide authority from North Carolina appellate courts making the resolution of that conflict about those state law issues abundantly clear. What's more, the resolution of those issues of North Carolina law could avoid the need to address the federal constitutional and other federal issues the Board raised in removing the case. For example, if the Board prevails in Wake County on the state law issues, the resolution of the federal claims may not be necessary. Thus, this case satisfies the elements of *Pullman* abstention. Accordingly, we affirm the district court's decision to abstain from exercising federal jurisdiction.

However, because the district court did not retain jurisdiction of the federal issues as required by *Pullman* abstention, we remand with instructions directing the district court to modify its order to expressly retain jurisdiction of the federal issues identified in the Board's notice of removal should those issues remain after the resolution of the state court proceedings, including any appeals. *See England v. Med. Exam'rs.*, 375 U.S. 411 (1964).

We deny all remaining outstanding motions as moot.

*AFFIRMED IN PART, MODIFIED IN PART,*
*AND REMANDED WITH INSTRUCTIONS*