UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00724-M

| | |
|---|---|
| JEFFERSON GRIFFIN,<br><br>    Petitioner,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS,<br><br>    Respondent,<br><br>ALLISON RIGGS, et al.,<br><br>    Intervenor-Respondents. | **STATE BOARD'S NOTICE OF FOURTH CIRCUIT MANDATE** |

Respondent North Carolina State Board of Elections provides this notice regarding the mandate of the U.S. Court of Appeals for the Fourth Circuit that issued to this Court on February 14, 2025, D.E. 67, as well as certain relevant subsequent developments. Based on those developments, the Board respectfully requests that this Court adjust its prior decision in this matter in compliance with the mandate by Friday, February 28, 2025.

1. On January 6, 2025, this Court remanded this case and *Griffin v. North Carolina State Board of Elections*, No. 24-cv-731, back to state court. D.E. 50; No. 24-cv-731, D.E. 24. The Board appealed those remand orders to the U.S. Court of Appeals for the Fourth Circuit. D.E. 52; No. 24-cv-731, D.E. 26.

2. On February 4, 2025, the Fourth Circuit consolidated these cases on appeal. Nos. 25-2018(L), 25-1019, 25-1020, 25-1024, Dkt. 131. The Fourth Circuit also issued an opinion and judgment in the cases that affirmed in part, modified in part, and remanded to this Court with

instructions to "modify [this Court's] order to expressly retain jurisdiction of the federal issues identified in the Board's notice of removal should those issues remain after the resolution of the state court proceedings, including any appeals." No. 25-1018(L), Dkt. 132 at 11; Dkt. 133. The Fourth Circuit issued its mandate on February 14, 2025. D.E. 67.[1]

3. The parties are continuing to litigate this dispute in the state courts. On February 7, 2025, the Wake County Superior Court denied Judge Griffin's petitions for judicial review after a hearing. Record on Appeal, No. COA25-181 at 152, 210, 269 (N.C. Ct. App.), bit.ly/41FOn7H. Judge Griffin appealed. *Id.* at 154, 212, 271. The North Carolina Court of Appeals entered an order requiring Judge Griffin to file an opening brief on February 24, the Board to file a response brief on February 27, and Judge Griffin to file a reply brief on March 3. Order, No. P25-104 (N.C. Ct. App. Feb. 13, 2025), bit.ly/43f05aj. The order also stated that "[u]pon filing of a Reply Brief or expiration of time to do so, the case will be calendared for hearing expeditiously." *Id.* The North Carolina Supreme Court has similarly instructed the state courts to proceed "expeditiously" here. *Griffin v. N.C. State Bd. of Elections,* 910 S.E.2d 348, 349 (N.C. 2025).

4. Judge Griffin filed his opening appellate brief in state court yesterday, on February 24. In that brief, Judge Griffin states: "As of the date of the filing of this brief, the district court has still not modified its order to retain jurisdiction over any issues. The district court has not acted since its original order was entered remanding the cases back to superior court." Opening Br., No. COA25-181 at 46 (N.C. Ct. App.), bit.ly/3Xihmvx. Because this Court

---

[1] Because the Fourth Circuit consolidated the appeals from this Court's judgments in No. 24-cv-724 and No. 24-cv-731, its mandate appears only on this Court's docket in No. 24-cv-724. The caption of the mandate itself, however, makes clear that it applies in both No. 24-cv-724 and No. 24-cv-731. D.E. 67. To avoid any doubt, however, the Board is filing a copy of this notice in both dockets.

2

has not yet implemented the Fourth Circuit's mandate, Judge Griffin argues that the Fourth Circuit's opinion instructing this Court to retain jurisdiction over the federal issues here is not yet in effect. *Id.* at 49 (noting that this Court "has not yet" modified its remand order and speculating about "*if* or when [this Court] does modify its order") (emphasis added). The brief goes on to argue that the North Carolina Court of Appeals should rule on and reject the Board's federal claims—presumably so that Judge Griffin can argue, erroneously, that the state-court ruling should have preclusive effect against the Board when it returns to federal court. *Id.* at 52.

5. The Fourth Circuit's mandate issued on February 14, 2025—eleven days ago. D.E. 67. The mandate rule "requires district courts to implement both the letter and spirit of [an appellate court's] mandate after [it] decide[s] a case on appeal." *R.A. v. McClenahan*, 122 F.4th 143, 146 (4th Cir. 2024) (quotation marks omitted). In other words, "once a case has been decided on appeal and a mandate issued, the lower court may not deviate from that mandate but is required to give full effect to its execution." *Invention Submission Corp. v. Dudas*, 413 F.3d 411, 414 (4th Cir. 2005). This Court should therefore implement the Fourth Circuit's mandate forthwith and amend its remand order consistent with the Fourth Circuit's instructions. There is no reason to further delay implementing the mandate. As discussed, this litigation is proceeding expeditiously in state court, with briefing set to conclude in the North Carolina Court of Appeals by March 3, 2025. And as discussed, in state court, Judge Griffin is actively attempting in his state appellate briefing to thwart federal jurisdiction over the important federal issues in this case—issues that the Fourth Circuit expressly held that the federal courts should resolve. Promptly implementing the mandate is thus particularly important here.

6. As the Fourth Circuit has recently observed, "chaos . . . ensues" when the mandate rule is "undermined." *McClenahan*, 122 F.4th at 149. To avoid that chaos, the Board

3

respectfully requests that this Court implement the Fourth Circuit's mandate by February 28. The Board further respectfully provides notice that it intends to seek review in the U.S. Court of Appeals for the Fourth Circuit by Monday, March 3 if this Court has not implemented the mandate by that date. *United States v. U.S. Dist. Court for S. Dist. of N.Y.*, 334 U.S. 258, 264 (1948) ("It is, indeed, a high function of mandamus to keep a lower tribunal from interposing unauthorized obstructions to enforcement of a judgment of a higher court.").

Respectfully submitted, this 25th day of February, 2025.

    Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
TSteed@ncdoj.gov

North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Phone: 919-716-6900
Fax: 919-716-6758

*Counsel for State Board*

# CERIFICATE OF SERVICE

I certify that the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the below listed attorneys:

W. Michael Dowling
Craig D. Schauer
Troy D. Shelton
DOWLING PLLC
3801 Lake Boone Trail
Suite 2600
Raleigh, NC 27607
mike@dowlingfirm.com
cschauer@dowlingfirm.com
tshelton@dowlingfirm.com

Mark Montgomery Rothrock
Lehotsky Keller Cohn LLP
8513 Caldbeck Drive
Raleigh, NC 27615
mark@lkcfirm.com

Philip R. Thomas
Chalmers, Adams, Backer & Kaufman, LLC
204 N. Person St.
Raleigh, NC 27601
pthomas@chalmersadams.com

*Counsel for Judge Griffin*

Raymond M. Bennett
Samuel B. Hartzell
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
ray.bennett@wbd-us.com
Sam.Hartzell@wbd-us.com

*Counsel for Justice Riggs*

Christopher D. Dodge
Julie Zuckerbrod
Tina Meng Morrison
Elias Law Group LLP
250 Massachusetts Ave NW

Suite 400
Washington, DC 20001
cdodge@elias.law
jzuckerbrod@elias.law
tmengmorrison@elias.law

Narendra K. Ghosh
Patterson Harkavy LLP
100 Europa Drive, Suite 420
Chapel Hill, NC 27517
nghosh@pathlaw.com

*Counsel for North Carolina Alliance for Retired Americans et al.*

This the 25th day of February, 2025.

                                               /s/ Terence Steed
                                               Terence Steed
                                               Special Deputy Attorney General